NO. 07-04-0365-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 13, 2004
_____

BALTIMORE RAMIREZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-03J-151; HON. ROLAND SAUL, PRESIDING
_____

Before QUINN, REAVIS, and CAMPBELL, JJ.

Appellant Baltimore Ramirez challenges his conviction of sexual assault of a child. Through one issue, he contends that the trial court erred in not permitting him to voir dire the jury panel on a particular condition of probation, that condition being the requirement that sex offenders register with local authorities. We affirm the judgment of the trial court.

During voir dire, the following exchange took place at the bench:

MR. SPRIGGS: Your Honor, I wonder if they filed a motion regarding registration and the prosecution went over - -

[THE STATE]: You need to talk where they can't hear you.

MR. SPRIGGS: And the prosecution went over the probation, and that's a condition of probation, registration is a part of that. I think it's the same situation about registration as it is with the probation. That's certainly a part, and they opened the door through that.

THE COURT: How did that open the door?

MR. SPRIGGS: They asked the jury, did they know the conditions of probation. That would be a condition of probation.

Now I need to know whether or not they would consider that, or how they would consider it.

THE COURT: I think you are entitled to talk about the conditions of probation. What is your position?

[THE STATE]: Our position, Your Honor, is that that is not a decision that they can base any decision on sexual registration requirement. And since they do not have any bearing on that, it would not be appropriate and - -

[THE STATE]: Your Honor, another thing is, it's the law, you are not to mention that, that's the law, just conditions of probation, it's the law and you could order him to counseling and treatment and that kind of thing, but once you mention the probation, that this is not technically correct, and that's the law, and you have to do that regardless. We have no problem with him talking about the conditions of probation, what probation is about and all that, but it's not a condition of probation to register. That's the law.

MR. SPRIGGS: Your Honor, it says in the probation that you can't commit no other crimes against the U.S., and also that's the law, and that's a condition that he must obey. If, in fact, he is convicted of this crime, it          d o e s become a part of the conditions of probation.

THE COURT: So you want to talk about every possible offense someone could commit?

MR. SPRIGGS: No, sir. What I want to talk about is that specific condition because that's mandatory.

THE COURT: I don't believe that's - - I don't believe you can go into that, and I'm not going to allow you to.

MR. SPRIGGS: Okay. I just want to put it on the record.

2

Appellant contends, before us, that he should have been allowed to question the jury regarding the requirement to register as a sex offender. Yet, we note that omitted from the exchange between the trial court and defense counsel (as well as the record) was mention of any particular questions counsel sought to pose to the venire. This is fatal because it is not enough to inform the trial court of a particular topic on which one hopes to conduct voir dire. Rather, the particular question or questions that the litigant intends to ask must be disclosed to preserve any complaint about the trial court's ruling. *Sells v. State*, 121 S.W.3d 748, 756 (Tex. Crim. App.), *cert. denied,* 540 U.S. 986, 124 S.Ct. 511, 157 L.Ed.2d 378 (2003); *Mohammad v. State,* 127 S.W.3d 163, 170 (Tex. App.–Houston [1st Dist.] 2003, pet. ref'd). Since that was not done here, we overrule the issue.

Accordingly, the judgment of the trial court is affirmed.


Per Curiam


Do not publish.